IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NBA PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., MAJOR LEAGUE BASEBALL PROPERTIES, INC., NHL ENTERPRISES, L.P., COLLEGIATE LICENSING COMPANY, LLC, and WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, <br><br> Plaintiffs, <br><br> v. <br><br> QIAN HUANG, et al., <br><br> Defendants. | Case No. 15-cv-09640 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Sheila Finnegan |

**SEALED TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiffs' NBA Properties, Inc. ("NBAP"), MLB Advanced Media, L.P. ("MLBAM"), Major League Baseball Properties, Inc. ("MLBP"), NHL Enterprises, L.P. ("NHLE"), Collegiate Licensing Company, LLC ("CLC"), and West Virginia University Board of Governors ("WVU"), collectively "Plaintiffs," *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Domain Names, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-mail and/or Electronic Publication (the "Ex Parte Motion") against the defendants identified on Schedule A to the Amended Complaint and attached hereto (collectively, the "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplace Accounts"), and this Court having heard the evidence before it hereby GRANTS Plaintiffs' *Ex Parte* Motion in its entirety.

1

This Court further finds that it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet stores through which Illinois residents can purchase products bearing counterfeit versions of the Plaintiffs' Trademarks (a list of which is included in the chart below).

| Registration | Trademark | Goods and Services |
|---|---|---|
| 1,833,902 | NBA | For: clothing, namely, hosiery, footwear, sweat shirts, sweatpants, pants, tank tops, jerseys, shorts, pajamas, sport shirts, rugby shirts, belts, ties, nightshirts, hats, warm-up suits, jackets, parkas, coats, cloth bibs, head bands and wrist bands in class 025. |
| 2,183,983 | NATIONAL BASKETBALL ASSOCIATION | For: clothing, namely, hosiery, footwear, t-shirts, sweatshirts, sweatpants, pants, tank tops, jerseys, shorts, pajamas, sport shirts, rugby shirts, sweaters, belts, ties, nightshirts, hats, warm-up suits, jackets, parkas, coats, cloth bibs, head bands, wrist bands, aprons, boxer shorts, slacks, caps, ear muffs and gloves in class 025. |
| 2,157,039 | [NBA Eastern Conference logo] | For: clothing, namely, hosiery, footwear, sweat shirts, sweatpants, pants, tank tops, jersey, shorts, pajamas, sport shirts, rugby shirts, sweaters, belts, ties, nightshirts, warm-up suits, parkas, coats, cloth bibs, head bands and wrist bands in class 025. |
| 1,525,782 | [NBA logo] | For: hosiery, footwear, t-shirts, sweat shirts, tank tops, pajamas, sport shirts, belts, nightshirts, stocking caps, warm-up or jogging suits, jackets, bibs, head bands and wrist bands in class 025. |

2

| | | |
|---|---|---|
| 2,079,493 | | For: clothing, namely, hosiery, footwear, sweat shirts, sweatpants, pants, tank tops, jerseys, shorts, pajamas, sport shirts, rugby shirts, sweaters, belts, ties, nightshirts, warm-up suits, parkas, coats, cloth bibs, head bands and wrist bands in class 025. |
| 1,966,924 | | For: clothing, namely hosiery, footwear, t-shirts, sweat shirts, sweatpants, pants, tank tops, jerseys, shorts, pajamas, sport shirts, rugby shirts, sweaters, belts, ties, nightshirts, hats, warm-up suits, jackets, parkas, coats, cloth bibs, head bands, wrist bands, aprons, boxer shorts, slacks, caps, ear muffs, and gloves in class 025. |
| 1,617,698 | | For: clothing, namely, shirts, shorts, dresses, socks, underwear, jackets, sweaters, pants, visors, caps, bibs, infantwear, namely, baby shorts sets, romper sets, baby pants, coveralls; outerwear, namely, uniforms and pullovers, ties, robes and loungewear, sweatshirts, knitted headwear, hosiery, wristbands, robes, and shoes in class 025. |
| 1,620,020 | MAJOR LEAGUE BASEBALL | For: clothing, namely, shirts, shorts, dresses, socks, underwear, jackets, sweaters, pants, visors, caps, bibs, infantwear, namely, baby shorts sets, romper sets, baby pants, coveralls; outerwear, namely, uniforms and pullovers, ties, robes and loungewear, sweatshirts, knitted headwear, hosiery, wristbands, robes and shoes in class 025. |
| 2,573,503 | | For: clothing, namely, caps, hats, visors, knitted headwear, shirts, t-shirts, tank tops, sweaters, turtlenecks, pullovers, vests, shorts, baseball uniforms, jerseys, warm-up suits, sweatshirts, sweatpants, underwear, boxer shorts, robes, sleepwear, jackets, cloth bibs, infantwear, infant diaper covers, cloth diaper sets with undershirt and diaper cover, rompers, coveralls, creepers, baby booties, ties, belts, wristbands, scarves, footwear, socks, slippers, aprons in class 025. |
| 2,779,958 | MLB | For: clothing, namely, caps, hats, visors, knitted headwear, headbands, shirts t-shirts, tank tops, sweaters, turtlenecks, pullovers, vests, shorts, pants, dresses, baseball uniforms, jerseys, sweatshirts, |

| | | |
|---|---|---|
| | | sweatpants, underwear, boxer shorts, sleepwear, jackets, cloth bibs, infantwear, infant diaper covers, cloth diaper sets with undershirt and diaper cover, jumpers, rompers, coveralls, creepers, baby booties, ties, wristbands, scarves, socks, hosiery in class 025. |
| 3,248,499 | [NHL shield logo] | For: clothing, namely, bandannas, beach cover-ups, belts, body suits, boxer shorts, caps, cloth bibs, coats, dresses, footwear, ear muffs, gloves, hats, headbands, hosiery, housecoats, jackets, jerseys, leggings, leotards, mittens, nightshirts, pajamas, pants, rain coats, rain wear, robes, scarves, shirts, shorts, skirts, socks, suits, sun visors, suspenders, sweaters, sweatpants, sweatshirts, swimsuits, swim trunks, t-shirts, ties, toques, underwear, vests, warm-up suits and wristbands in class 025. |
| 1,962,135 | **NHL** | For: clothing, namely, shirts, jerseys, sweaters, jackets, sweatshirts, t-shirts, pants, sweatpants, warm-up suits, wristbands, headbands, shorts, caps, hats, socks, nightshirts, scarves, mittens and cloth bibs in class 025. |
| 1,678,612 | [NHL shield logo] | For: clothing and footwear; namely, jerseys, sweaters, jackets, sweatshirts, t-shirts, sweatpants, shirts, caps, hats and scarves in class 025. |
| 2,422,903 | STANLEY CUP | For: clothing, namely, caps, cloth bibs, hats, jackets, jerseys, shirts, shorts, sweaters, sweatpants, sweatshirts, t-shirts, ties, vests and warm-up suits in class 025. |
| 2,395,418 | [Stanley Cup image] | for: clothing, namely, caps, cloth bibs, hats, jackets, jerseys, shirts, shorts, sweaters, sweatpants, sweatshirts, t-shirts, ties, vests and warm-up suits in class 025. |

4

| | | |
|---|---|---|
| 1,321,767 | | For: key chains, statuettes made of common metal and encased in acrylic in class 006.<br><br>For: wristwatches, bracelets, and necklaces in class 014.<br><br>For: desk calendars, plastic paperweights, pen and pencil sets, decals, and stationery-namely, writing paper in class 016.<br><br>For: pillows, statuettes made of wood or coal in class 020.<br><br>For: bandanas, t-shirts, polo shirts, long sleeve t-shirts, chamois shirts, neck ties, and straw hats in class 025.<br><br>For: entertainment services-namely, sports exhibitions in class 041. |
| 1,321,952 | | For: sunglasses and telephone receivers in class 009.<br><br>For: toilet seats, electric lamps, and electric nightlights in class 011.<br><br>For: wristwatches and electric clocks in class 014.<br><br>For: note cards, plastic notepad holders, plastic three ring binders, playing cards, spiral bound notebooks, desk calendars, bumper and paper stickers, decals, stationery-namely, writing paper in class 016.<br><br>For: plastic identification card holders, plastic credit card holders, general purpose gym bags, general purpose tote bags, backpacks, and umbrellas in class 018.<br><br>For: stadium seats, pillows, foot stools, metal folding chairs, and ornamental novelty buttons in class 020.<br><br>For: drinking glasses, glass mugs, ceramic mugs, ceramic jugs, plastic and cork serving trays, trash cans, and picnic sets comprised of saucers, plates, cups, knives, forks, spoons, and salt and pepper shaker in class 021. |

| | | |
|---|---|---|
| | | For: canvas laundry bags in class 022.<br><br>For: blankets, flags, and pennants made of textile material in class 024.<br><br>For: running pants, polo shirts, jerseys, hooded jackets, sweat pants, pullover sweaters, sweat shirts, warm-up jackets, dress shirts, belts, thermal shirts, visors, caps, t-shirts, sweat shorts, long sleeve hooded t-shirts, rugby shirts, hats, scarves, wind resistant jackets, neckties, bandanas, sweaters, baby's hooded sweaters, short & top sets, and bibs in class 025.<br><br>For: cloth patches, stick pins made of nonprecious metal, belt buckles, buttons for clothing, and latch hook rug kits comprised of canvas, latch hook and yarn in class 026.<br><br>For: toy footballs, toy ceramic coin banks in class 028.<br><br>For: entertainment services-namely, sports exhibitions in class 041. |
| 2,599,930 | WVU | For: clothing, namely, t-shirts, sweatshirts, polo shirts, caps and jackets in class 025.<br><br>For: educational services, namely, providing courses of instruction at the college and graduate levels; providing facilities for collegiate sporting events, namely, basketball, football and baseball games; entertainment in the nature of collegiate sports, namely, basketball, football and baseball in class 041. |
| 2,611,149 | WEST VIRGINIA | For: clothing, namely, t-shirts, sweatshirts, polo shirts, caps and jackets in class 025.<br>For: educational services, namely, providing courses of instruction at the college and graduate levels; providing facilities for collegiate sporting events, namely, basketball, football and baseball games; entertainment in the nature of collegiate sports, namely, basketball, football and baseball in class 041. |

| | | |
|---|---|---|
| 2,613,676 | MOUNTAINEERS | For: clothing, namely, t-shirts, sweatshirts, polo shirts, caps and jackets in class 025.<br><br>For: educational services, namely, providing courses of instruction at the college and graduate levels; providing facilities for collegiate sporting events, namely, basketball, football and baseball games; entertainment in the nature of collegiate sports, namely, basketball, football and baseball in class 041. |
| 4,435,078 | | For: greeting cards, note cards, decals, planners, padfolios, and gift bags in class 016.<br><br>For: drinking glasses, mugs, coasters, cutting boards, shot glasses, trivets, plastic cups, and chip and dip trays in class 021.<br><br>For: apparel, namely, tops, t-shirts, hooded sweatshirts, bottoms, shorts, headwear, one piece rompers, socks, and flip flops in class 025.<br><br>For: playing cards, puzzles, footballs, and Christmas tree ornaments in class 028. |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the Declarations of Ayala Deutsch (paragraphs 12-17), Ethan Orlinsky (paragraphs 16-21), Thomas H. Prochnow (paragraphs 12-17), Marsha Malone (paragraphs 13-18), and Justin R. Gaudio (paragraphs 5-9), and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions, including PayPal accounts, to offshore accounts. *Id.* As other courts have recognized, proceedings against

those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not Plaintiffs' Genuine Product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as Plaintiffs' Genuine Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

    d. further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

    e. otherwise competing unfairly with Plaintiffs in any manner;

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by

        Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

    h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not Plaintiffs' Genuine Product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiffs a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including all PayPal accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiffs' choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court, and the domain

9

        name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as eBay, Inc. ("eBay"), iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars such as GoDaddy, name.com, and PDR LTD. D/B/A PUBLICDOMAINREGISTRY.COM, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants, currently or in the future, engage in the sale of counterfeit and infringing goods using Plaintiffs' Trademarks, including, but not limited to, any accounts associated with the Defendants listed on Schedule A;

    b. disable any account linked to Defendants, linked to any e-mail addresses used by Defendants, or linked to any Defendant Domain Name ("Defendant's Registrar Accounts");

    c. take any steps necessary to transfer to a registrar of Plaintiffs' selection any domain name reported by Plaintiffs, currently or in the future, being used by Defendant(s) to sell counterfeit and/or infringing goods using the Plaintiffs' Trademarks;

    d. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and/or infringing goods using Plaintiffs' Trademarks; and

    e. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A to the Amended Complaint and attached hereto from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, eBay, iOffer and Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

11

    b. The nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A to the Amended Complaint and attached hereto, the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lisa Uriguen Armstrong and any e-mail addresses provided for Defendants by Third Party Providers; and

b. Restrain and enjoin any such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A to the Amended Complaint and attached hereto, the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lisa Uriguen Armstrong and any e-mails addresses provided for Defendants by Third Party Providers; and

b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant

documents on a website to which the Defendant Domain Names which are transferred to Plaintiffs' control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lisa Uriguen Armstrong and any e-mail addresses provided for Defendants by Third Party Providers that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "Qian Huang and all other Defendants identified in the Amended Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Plaintiffs' Amended Complaint, Schedule A to the Amended Complaint, Exhibits 1 and 2 to the Declaration of Lisa Uriguen Armstrong, and this Order shall remain sealed until Defendants' financial accounts are restrained. Plaintiffs shall file unsealed versions of the Amended Complaint, Schedule A to the Amended Complaint, Exhibits 1 and 2 to the Declaration of Lisa Uriguen Armstrong, and this Order using the CM/ECF system prior to the expiration of this Order.

12. Plaintiffs shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

14. This Temporary Restraining Order without notice is entered at 9:00 A.M. on November 5, 2015, and shall remain in effect for fourteen (14) days. This case is set for a status hearing on November 18, 2015 at 9:00 AM.

                                          IT IS SO ORDERED.

Dated: November 5, 2015  
                                          Andrea R. Wood  
                                          United States District Judge